# OLIVER CHILLED PLOW WORKS *v.* THE WM. J. OLIVER MANUFACTURING COMPANY.

### TRADEMARK; NAME OF INDIVIDUAL.

1. The surname "Oliver" displayed as an acrostic symbol and surmounted by the Christian name "Wm. J." does not present the name in such a "particular or distinctive manner" within the meaning of sec. 5 of the trademark act of Congress of February 25, 1905, as to entitle it to registration.  (Following *Re Artesian Mfg. Co.* 37 App. D. C. 113.)

2. It seems that a surname which has been associated for half a century with plows of a certain manufacture is not entitled, on the ground that it would create confusion in trade, to registration as a trademark by a rival manufacturer, where he does not display the name in such a manner as to give such a distinctive impression to the eye of the ordinary observer as to outweigh the significance of the mere name.

No. 838.   Patent Appeals.   Submitted January 21, 1913.   Decided February 25, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents, dismissing a notice of opposition to the registration of a trademark.                    *Reversed.*

The facts are stated in the opinion.

Mr. *H. A. Seymour* and Mr. *George Ford* for the appellant.

Mr. *Julian C. Dowell* and Mr. *E. W. Bradford* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The appellant, Oliver Chilled Plow Works, appeals from a decision of the Commissioner of Patents in an opposition proceeding in which it seeks to prevent registration of the following trademark by appellee, the Wm. J. Oliver Manufacturing Company:

It appears that appellant is extensively engaged in the manu‑ facture and sale of plows in South Bend, Indiana. Its business was originally established by James Oliver and others more than fifty years ago. The plows manufactured by appellant company are known to the trade as "Oliver Plows" or "Oliver Chilled Plows," and are generally marked with the word "Oliver." It has four registered trademarks, obtained by it and its predecessors, which are set up in the notice of opposition, copies of which were introduced in evidence. They are as fol‑ lows: "Oliver South Bend Plow," "The Oliver," "Oliver," and "Oliver," registered under the ten-year proviso of the trademark act of 1905. It is alleged in the notice of opposition that the mark sought to be registered by applicant is anticipated by the above registered marks.

It appears that about December, 1908, Wm. J. Oliver, the sole owner of the capital stock of appellee company, began the manufacture of plows in Knoxville, Tennessee, on an extensive scale; that these plows are marked by the words "The Wm. J. Oliver Manufacturing Co., Knoxville, Tenn.," on the handles and sides of the plow, and with the words "The Wm. J. Oliver Improved" on the top of the beam, while the mark for which registration is sought is stamped on the front of the mold board. It further appears that appellee has obtained two registrations for the above mark, with the words "The Wm. J." omitted. One registration was for use on "mining cars, contractors' dump cars, spreader cars, and ballast cars," and the other for "marble finishing machinery, screens, tipples, drums, hoisting engines, derricks, winches, pulleys, sheaves, fans, saw-frames, skips, and journal blocks." Of course, appellant company could have no objection to the use of the mark under either of these regis‑ trations, inasmuch as it would in no way interfere with their business in the manufacture and sale of plows.

The Examiner of Interferences in his decision makes a timely criticism of much of the evidence appearing in the record, as follows: "At this point it may be stated that there is a great mass of testimony in this case which is entirely irrel‑ evant to the questions which this tribunal is called upon

to decide. The record is full of matters which relate solely to the question of unfair competition in trade, which matters it has been repeatedly held cannot be considered in a trademark opposition. The only question for consideration here is whether or not applicant is entitled to register his mark, and such matters as the painting of the plows, the quality and reputation of the goods of the parties, the prices at which the plows are sold, and similar matters, are irrelevant to this controversy."

In determining, however, whether a mark is entitled to be registered as a technical mark, it is proper to take into consideration the circumstances surrounding its use. The name "Wm. J. Oliver" in the mark would be much more apparent on an article covered over with inscriptions containing the name than if used as the sole distinguishing mark. For fifty years appellant company has been selling "Oliver" plows, until its trade has extended over the world. Farmers know the plow by the name "Oliver," and would not know whether the Oliver who established the South Bend Works was James or Wm. J. No name probably is so generally and intimately associated in the mind of the farmer with plows as the name "Oliver." With these conditions in mind, we think the average person would have little difficulty in deciphering the mark at a glance. The addition of the Christian name "Wm. J." at once suggests a man's name, and directs attention to the acrostic symbol revealing the surname as its dominating characteristic, instead of giving an impression that would tend to obscure the name.

We think this mark is within the prohibition of sec. 5 of the trademark act [33 Stat. at L. 726, chap. 592, U. S. Comp. Stat. Supp. 1911 p. 1461], which provides "that no mark which consists merely in the name of an individual, firm, corporation, or association, not written, printed, impressed, or woven in some particular or distinctive manner, or in association with a portrait of the individual . . . shall be registered under the terms of this act." The scope of the statute is well defined in *Ex parte Polar Knitting Mills,* 154 Off. Gaz. 251, as follows: "It is believed that the controlling principle underlying the requirement of the statute that a mere name, unless

written or printed in a distinctive manner, may not be registered, is that the distinctive manner in which the name is displayed must be of a character as to give such a distinctive impression to the eye of the ordinary observer as to outweigh the significance of the mere name." This rule was approved in *Re Artesian Mfg. Co.* 37 App. D. C. 113. We think the mark in question comes clearly within the prohibition of the act, and falls short of meeting the conditions of the rule above stated.

While unnecessary to the determination of this case, it may be stated that the reason which forbids its registration as a technical trademark would apply equally in support of appellant's contention that the use of this mark would create confusion in trade.

The decision of the Commissioner of Patents is reversed, and the clerk will certify these proceedings as by law required.

*Reversed.*

A motion for rehearing was overruled March 20, 1913.